IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**THOMAS TAYLOR**     **PETITIONER**

**v.**     **No. 1:23CV99-SA-DAS**

**STATE OF MISSISSIPPI**     **RESPONDENT**

### ORDER TRANSFERRING CASE TO THE
### FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court, *sua sponte*, for consideration of the transfer of this cause. Thomas Taylor has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner was convicted for capital rape on February 11, 1998, and sentenced to life in prison. The petitioner has filed at least one other unsuccessful 2254 motion concerning the same conviction which he now seeks to challenge. *See Taylor v. State of Mississippi*, 1:21CV23-SA-DAS.[1] The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

---

[1] Though this court cannot exercise jurisdiction over the instant petition, the court notes that the Fifth Circuit Court of Appeals imposed a $100 sanction against Taylor for filing "frivolous or repetitive requests for authorization to file successive § 2254 application[s]." *See Taylor v. Mississippi*, 1:21CV23-SA-DAS (Doc. 6). Taylor was also warned against filing such abusive pleadings in the future. *Id.* The instant petition appears to be just such a pleading.

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is **DIRECTED** to **TRANSFER** this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365;

3) As Taylor has submitted papers to the court containing the name of a sexual assault victim, the Clerk of the Court is **DIRECTED** to **RESTRICT ACCESS** to any document in this case containing the victim's name to the parties and the court; and

4) This case is **CLOSED.**

**SO ORDERED**, this, the 26th day of September, 2023.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE